**Gilberto Gonzalez MONTANEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73302.

Agency No. A74–816–112.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.\*\*

Decided Aug. 16, 2004.

Orit Levit, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General,

is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel, Department of Homeland Security, San Francisco, CA, Francesco Isgro, Attorney, David M. McConnell, U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM***

Gilberto Gonzalez Montanez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's decision denying his application for suspension of deportation. We dismiss in part and deny in part the petition for review.

We lack jurisdiction over the IJ's extreme hardship determination because it involves an exercise of discretion not subject to judicial review. *See Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997). We similarly lack jurisdiction over Montanez' non-colorable constitutional claims. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1269–71 (9th Cir.2001).

Petitioner's contention that the BIA's summary affirmance procedure violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

